UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| Jhapendra UPADHAYAY,<br><br>      Plaintiff,<br>  v.<br><br>Alejandro MAYORKAS, U.S. Secretary of Homeland Security; Ur Mendoza JADDOU, Director of U.S. Citizenship and Immigration Services; Christopher HEFFRON, Charlotte Field Office Director for U.S. Citizenship and Immigration Services; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States,<br><br>      Defendants. | Case No.:   24-322 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR REVIEW OF THE DENIAL OF NATURALIZATION UNDER 8 U.S.C. § 1421(c)**

1. This is an action brought by a lawful permanent resident of the United States who is statutorily eligible to naturalize and become a United States citizen, but whose application for naturalization has been unlawfully denied.

**PARTIES**

2. Plaintiff Jhapendra UPADHAYAY is a citizen of Nepal and a permanent resident of the United States. He resides in Greensboro, North Carolina.

3. Defendant Alejandro MAYORKAS is the Secretary of Homeland Security. The Secretary of Homeland Security is charged with the administration and enforcement of all laws relating to immigration and naturalization. 8 U.S.C. § 1103(a). Defendant Mayorkas is sued in his official capacity.

1

4. Defendant Ur Mendoza JADDOU is the Director of United States Citizenship and Immigration Services (USCIS). USCIS is charged with exercising the Department of Homeland Security's (DHS) power to adjudicate applications for naturalization. 8 C.F.R. § 332.1. Defendant Jaddou is sued in her official capacity.

5. Defendant Christopher HEFFRON is the Field Office Director for the Charlotte Field Office of USCIS. In his capacity as Field Office Director, Defendant Heffron denied Plaintiff's application for naturalization and summarily reaffirmed his decision without hearing when Plaintiff sought administrative review. Defendant Heffron is sued in his official capacity.

6. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES is an agency within the meaning of 5 U.S.C. § 701(b)(1) and is charged with exercising the Department of Homeland Security's power to adjudicate applications for naturalization. 8 C.F.R. § 332.1.

## JURISDICTION

7. This case arises under the Immigration and Nationality Act and the Administrative Procedure Act. The Court has jurisdiction under 8 U.S.C. § 1421(c) (authorizing judicial review of the denial of naturalization) and 28 U.S.C. § 1331 (federal question jurisdiction).

## VENUE

8. Venue in the Middle District of North Carolina is appropriate pursuant to 8 U.S.C. § 1421(c) because Plaintiff resides in the district.

## STATEMENT OF FACTS

9. Plaintiff was issued an immigrant visa and granted lawful permanent residence on October 4, 2017, pursuant to the Diversity Visa (DV) Lottery, under Section 203(c) of the Immigration and Nationality Act (INA), codified as 8 U.S.C. § 1153(c). This program aims to

diversify the immigrant population in the United States by selecting applicants from countries with low rates of immigration to the United States in the preceding five years.

10. To be eligible for the DV Lottery program, applicants must meet certain requirements. These include being a native of a country with low rates of immigration to the United States and meeting either an education or work experience requirement. Specifically, applicants must have at least a high school education or its equivalent, defined as successful completion of a 12-year course of formal elementary and secondary education; or two years of work experience within the past five years in an occupation requiring at least two years of training or experience to perform.

11. The process for immigrating through the Diversity Visa Lottery program requires applicants to submit an electronic entry during a specified registration period. Selected applicants must then complete a Form DS-260, Immigrant Visa Electronic Application, undergo a medical examination, and attend an interview at a U.S. embassy or consulate. Upon clearing all eligibility and security checks, the applicant is granted an immigrant visa to enter the United States and secure lawful permanent resident status.

12. Plaintiff, Jhapendra Upadhayay, was lawfully married to Sushila Acharya Upadhayay on June 1, 2010, in Nepal. This marital union was established well before Mr. Upadhayay's participation in the DV Lottery program and his subsequent immigration to the United States.

13. Upon information and belief, Plaintiff registered for the DV-2018 Diversity Visa Lottery approximately 18 months prior to immigrating to the United States. Upon information and belief, Plaintiff indicated his marital status was single due to a misunderstanding that disclosing his actual marital status would necessitate his wife's then inability to immigrate to the United

States. Mr. Upadhayay was fully qualified to immigrate through the DV lottery program, meeting both the country-of-origin criteria and the educational requirement.

14. Under the guidelines set forth in 22 C.F.R. § 42.33(b)(1), identifying a spouse and children is on the list of required information, along with providing photographs of the correct size and identifying the "location of the consular office nearest to the petitioner's current residence."

15. On October 20, 2016, Plaintiff submitted a Form DS-260, Immigrant Visa Electronic Application, again indicating his marital status as single due to a misunderstanding that disclosing his actual marital status would necessitate his wife's then inability to immigrate to the United States.

16. On October 4, 2017, following the approval of his DS-260 application, Plaintiff was inspected and admitted into the United States in category DV-1, commencing his lawful permanent residency grounded on his selection in the DV Lottery program.

17. Subsequently, on September 19, 2023, Plaintiff filed Form N-400 with USCIS, candidly disclosing his continuous marriage to Sushila Acharya Upadhayay since June 1, 2010, and provided the marriage certificate as evidence, demonstrating his adherence to truthfulness in his naturalization process.

18. By this time, Plaintiff had successfully sponsored his wife and their biological child to immigrate to the United States, with both becoming lawful permanent residents, further demonstrating the ongoing nature of his marital relationship.

19. At his naturalization interview on January 22, 2024, Plaintiff again disclosed his marital status, reinforcing the consistency and transparency of his disclosures throughout his immigration and naturalization processes.

4

20. Despite this, in a decision dated January 29, 2024, USCIS denied Plaintiff's naturalization application, citing 9 FAM 502.6-4(b)(2)(C) and INA § 204(a)(1)(I)(iii), concluding that Plaintiff's failure to list his spouse on his initial entry application invalidated his lawful permanent resident status.

21. In response, Plaintiff filed Form N-336 with USCIS on February 26, 2024, requesting a hearing on the decision in his naturalization proceedings. In this hearing request, Plaintiff explained that pursuant to Defendants' stated rationale, any apparent failure to comply with the DV entry instructions, regardless of its materiality to eligibility, would mean the naturalization applicant was never lawfully admitted as a permanent resident and did not meet the requirements of naturalization.

22. Disconcertingly, the USCIS Charlotte Field Office denied this request without a hearing on February 29, 2024, just three days after its receipt and the cashing of Plaintiff's $700 filing fee, affirming the initial denial based on the same contested rationale.

23. The validity of the February 29, 2024 decision has not been upheld in any other proceedings.

**FIRST CLAIM FOR RELIEF**
**(Immigration and Nationality Act)**

24. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

25. Pursuant to 8 U.S.C. § 1421(c), "[a] person whose application for naturalization is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall

5

make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."

26. Defendants erroneously concluded any departure from the Secretary of State's prescribed "information" and "documentary evidence" regardless of the materiality or willfulness of the departure means the Applicant was not lawfully accorded permanent residency.

27. Plaintiff is eligible to be naturalized under 8 U.S.C. §§ 1421-1429:

   a. Plaintiff was 18 years of age or older at the time of filing his application for naturalization.

   b. Plaintiff had been a lawful permanent resident for at least 5 years at the time of filing his application for naturalization.

   c. Plaintiff had good moral character for at least 5 years prior to filing his application for naturalization and continues to be a person of good moral character.

   d. Plaintiff had resided continuously in the United States for at least 5 years as a lawful permanent resident before filing his application for naturalization and has continuously resided in the United States since filing his application for naturalization.

   e. Plaintiff resided for at least 3 months in the USCIS District where he claimed residence before filing his application for naturalization.

   f. Plaintiff was physically present in the United States for at least 2 ½ years of the 5-year period referenced in subsection (d) of this Paragraph.

   g. Plaintiff has a basic knowledge of U.S. history and government.

      h.      Plaintiff can read, write, and speak words in ordinary usage in the English language.

      i.      Plaintiff is attached to the principles of the United States Constitution and is disposed to the good order and happiness of the United States.

**SECOND CLAIM FOR RELIEF**
**(Administrative Procedure Act)**

28.    All of the foregoing allegations are repeated and realleged as if fully set forth herein.

29.    The Administrative Procedure Act (APA), 5 U.S.C. § 706 provides that a Court "shall hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity, [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."

30.    Defendants' denial of Plaintiff's application for naturalization was arbitrary, capricious, otherwise not in accordance with law, in excess of statutory authority and limitations, and short of statutory right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays this Court grant the following relief:

      a.      Declare that Defendants' denial of Plaintiff's application for naturalization was contrary to law;

      b.      Enter an order setting aside Defendants' January 29, 2024 and February 29, 2024 decisions;

      c.      Grant Plaintiff's application for naturalization, after a hearing under 8 U.S.C. § 1421(c);

e. Enter an order directing Defendants to take all necessary steps to issue a certificate of naturalization to Plaintiff;

f. Award Plaintiff's counsel reasonable attorneys' fees under the Equal Access to Justice Act, and any other applicable authority; and

g. Grant such further relief as the Court deems just, equitable, and appropriate.

Dated this 15th day of April 2024.

/s/ Jeremy McKinney
Jeremy Layne McKinney
NC Bar# 23318
McKINNEY IMMIGRATION LAW
910 North Elm Street
Greensboro, NC 27401
Phone: (336) 275-5885
Fax: (336) 275-6045
jeremy@mckinneyimmigration.com

# VERIFICATION

I, Jhapendra Upadhayay, being duly sworn, depose and say that I am the Plaintiff in the above-entitled action, and that I have read the foregoing Complaint and know the contests thereof; that the same is true to of my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty and perjury under the laws of North Carolina that the foregoing is true and correct.

Executed on: 04/12/2024

_____
Jhapendra Upadhayay

STATE OF NORTH CAROLINA
COUNTY OF GUILFORD
Sworn to and subscribed before me
This the 12th day of April, 2024.

_____
Notary Public
My Commission Expires: 10/02/2027

CLAUDIA L MORALES ZARAGOZA
Notary Public, North Carolina
Guilford County
My Commission Expires
10/22/2027

9